UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HARRY HUESTON,

                              Petitioner,

          -v-

WARDEN W.S. PLILER, FCI-OTISVILLE,

                              Respondent.

22 Civ. 7926 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       Petitioner Harry Hueston ("Hueston") requests a status update as to his motion, pursuant to Federal Rule of Civil Procedure 59(e), to alter or amend the Court's November 15, 2022 order denying his habeas petition. Dkt. 4 (motion); Dkt. 7 (request for status update). On February 15, 2023, in a decision docketed in Hueston's criminal case, the Court denied Hueston's motion, which it construed as a motion for reconsideration, on the grounds that, *inter alia*, the motion merely reprised an argument in his § 2241 petition and failed to adequately challenge the validity of his conviction. *See* No. 14 Cr. 332-03, Dkt. 191. The Court attaches that decision to this Order and respectfully requests the Clerk of Court to close the motion pending at docket number 4 in this case.

       SO ORDERED.

                                                          *Paul A. Engelmayer*
                                                          PAUL A. ENGELMAYER
                                                          United States District Judge

Dated: May 18, 2023
       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

HARRY HUESTON,

Defendant.

14 Cr. 332-3 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On November 15, 2022, the Court issued a decision denying an application for relief under 28 U.S.C. § 2241 by defendant Harry Hueston. Dkt. 185 ("11/15/22 Dec'n"). Hueston there sought relief from his sentence—in principal part, to a term of 180 months' imprisonment—based on the decision in *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022). *Chappelle* held that Hobbs Act robbery is not a "crime of violence" under the career offender provision of the United States Sentencing Guidelines. Hueston sought resentencing with his guideline range no longer calculated under the career offender guideline.

The Court's November 15, 2022 decision denied Hueston's application on four independent grounds. First, Hueston's plea agreement had waived the right to bring a challenge to his sentence, including based on a claim that the Guidelines range had been miscalculated, provided that the sentence was at or below the top of the stipulated Guideline range of 151–188 months imprisonment. 11/15/22 Dec'n at 2-3. Second, Hueston's § 2241 application was procedurally barred. *Id.* at 3. Third, even if the Court had the authority to resentence Hueston, it would have imposed the same sentence, which, the Court explained, was necessary to reflect Hueston's "long and violent criminal history," that he had been "completely undeterred by his

significant previous encounters with the criminal system," that his offense of conviction—a home invasion at which a gun was put to the heads of a victim and a one-year-old baby—was "horrifying," and that there was a substantial interest in a lengthy sentence as a matter of public protection and specific deterrence. *Id.* at 3–5. And, fourth, under settled case law, a defendant's inability to foresee a change in the law does not supply a basis for not enforcing an appeal waiver. *Id.* at 4–5 (citations omitted); *see also id.* at 2 n.1 (noting that, under the plea agreement, Hueston had agreed not to seek a sentence outside the stipulated Guidelines range, in exchange for the Government's dropping firearms charges carrying a mandatory consecutive term of imprisonment).

On November 28, 2022, Hueston filed a *pro se* motion. Dkt. 187. The Court construes that motion predominantly to seek reconsideration of the November 15, 2022 decision, on the ground that it is unjust to enforce the plea agreement, because *Chappelle* was unanticipated at the time of the agreement. The Court declines to reconsider its decision, because Hueston's motion merely reprises an argument in his § 2241 application, which was rejected on multiple grounds. As the Court clearly stated in the November 15, 2022 decision, even assuming it were at liberty to resentence Hueston today based on a post-*Chappelle* Guidelines calculation, such would not have affected the sentence imposed. *See* 11/15/22 Dec'n at 3–4. Hueston's motion also states that his "conviction" is "no longer valid" under *Chappelle*. Dkt. 187 at 1. To the extent that Hueston means to challenge his conviction, that argument is wrong. Hueston pled guilty to the offense of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951. Nothing in *Chappelle*, which involved the application of a Sentencing Guidelines provision, calls into question that statute or the validity of Hueston's conviction, pursuant to a guilty plea, for violating it.

The Court accordingly denies Hueston's motion for reconsideration.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 187 in 14 Cr. 332-3. This case remains closed.

The Court also declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: February 15, 2023
       New York, New York